## S04A1059. SIMPSON v. THE STATE.
### (602 SE2d 617)

CARLEY, Justice.

Gary Simpson was convicted of three counts each of malice murder, aggravated assault and concealing a death. The trial court sentenced him to life imprisonment for the murders, and to consecutive 20- and 10-year terms for the remaining crimes. Simpson's motion for new trial was denied, and he appeals.[1]

---

[1] The crimes were committed on April 25, 2002. The grand jury indicted Simpson on July 23, 2002, and the jury found him guilty on November 13, 2002. On November 15, 2002, the trial court entered judgments of conviction and imposed the sentences. Simpson filed a motion for new trial on December 4, 2002. The trial court denied that motion on December 19, 2003, and, on that same day, Simpson filed a notice of appeal. The case was docketed in this Court on March 3, 2004. The appeal was submitted for decision on April 26, 2004.

1. Simpson was indicted with two others. One of them, Michael Johnson, pled guilty to three counts of voluntary manslaughter, and testified against Simpson and the remaining co-defendant, Leo Parks. Johnson testified that he and Parks worked for Simpson. The three victims were Martin Hernandez, Ricardo Hernandez and Moises Aldaco. They were also employed by Simpson and, on the day of the murders, were helping to build a barbecue pit at his Fulton County residence. Simpson was angry, because he believed that one of the victims had burglarized his home. Assisted by Johnson and Parks, Simpson bound the victims and lifted them into the back of a truck. He then shot each of them. Simpson and Parks covered the bodies with lime and potting soil. Johnson, followed by Simpson and Parks, drove the truck to Coweta County, where they abandoned it along the side of the interstate highway.

Johnson was an accomplice, and he provided the only direct evidence of Simpson's guilt. Thus, the validity of the convictions hinges upon the corroboration of Johnson's testimony. OCGA § 24-4-8. However, slight evidence connecting Simpson to the crimes would be sufficient for that purpose. *Hinely v. State*, 275 Ga. 777, 779 (1) (573 SE2d 66) (2002). The record shows that Johnson's testimony was corroborated in several particulars, including the fact that Simpson's cell phone records placed him in Coweta County on the day of the murders. Moreover, a search of Simpson's residence led to the discovery of bullets fired from the same type of gun used to murder the victims, as well as bags of the same brand of potting soil used to conceal their bodies. When construed most strongly in support of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Simpson's guilt of the three counts of malice murder and the six related crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baines v. State*, 276 Ga. 117, 119 (1) (575 SE2d 495) (2003).

2. Simpson contends that the ineffectiveness of his trial counsel is a ground for reversal of the convictions. To prevail on this claim, he must show that counsel's performance was deficient and that it prejudiced the defense to the criminal charges. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Making that showing requires that Simpson rebut the strong presumption that the lawyer's conduct falls within the wide range of reasonable professional assistance. *Wright v. State*, 276 Ga. 419, 421 (5) (577 SE2d 782) (2003). Here, that presumption was further reenforced by the testimony of counsel himself, who was the only witness at the hearing on the motion for new trial. The trial court, having heard counsel explain what he did on behalf of the defendant, found that Simpson received constitutionally adequate legal representation. On appellate review of that ruling, this Court must accept the trial court's

factual findings and credibility determinations unless they are clearly erroneous, " ' "but we independently apply the legal principles to the facts. (Cit.)" (Cit.)' [Cit.]" *Wright v. State*, supra at 421 (5).

In his brief, Simpson contends that trial counsel did not interview city maintenance workers who were near his home on the day of the murders and who would have heard gunshots had any been fired. However, he never raised this below as a ground of alleged ineffectiveness. Instead, the transcript of the hearing on the motion for new trial shows that Simpson failed either to allege or to prove the existence of the workers. He certainly did not make a proffer of their exculpatory testimony, which would be necessary in order to show that the failure to interview and to call them as defense witnesses was a prejudicial deficiency in the representation. *Strong v. State*, 275 Ga. 465, 466 (2) (a) (569 SE2d 523) (2002); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

The contentions concerning the adequacy of defense counsel's trial preparation related to the existence of a certain woman whom Simpson urges might have provided him with an alibi. When asked about this potential witness, however, counsel replied that he had interviewed her on several occasions before trial, but that she indicated that she knew nothing about the crimes and never mentioned being with Simpson during the time when the State contended they were committed. At the motion for new trial hearing, the woman did not dispute the attorney's recollection. Compare *Richardson v. State*, 189 Ga. App. 113 (375 SE2d 59) (1988). The failure to call a witness is not a prejudicial deficiency in trial counsel's performance where, as here, there is no showing that any testimony would have been relevant and favorable. *Smith v. State*, 273 Ga. 356, 358 (3) (541 SE2d 362) (2001). See also *Strong v. State*, supra; *Goodwin v. Cruz-Padillo*, supra.

3. The trial court did not err in sentencing Simpson to life imprisonment for the murders, rather than imposing determinate sentences of a specific number of years for those crimes. See OCGA §§ 16-5-1 (d), 17-10-1 (a) (1); *Echols v. Thomas*, 265 Ga. 474 (458 SE2d 100) (1995).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.