## A08A0706. HAWKINS v. THE STATE.
(660 SE2d 474)

BLACKBURN, Presiding Judge.

Following a jury trial, Ronald Hawkins appeals his conviction on eleven counts of armed robbery and five counts of aggravated assault,

---

[6] *Hagemann v. City of Marietta*, 287 Ga. App. 1, 8 (2) (650 SE2d 363) (2007).

challenging the sufficiency of the evidence. Because his four accomplices in the crimes corroborated each other as to Hawkins's participation in the crimes, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that over a period of three days in July 2002, five individuals (four males acting as the robbers — two of the males alternated — and one female acting as the getaway driver) participated in a conspiracy to rob three Waffle Houses, two Red Roof Inns, one Country Suites Inn, and a pizza delivery driver, each time using a gun or guns. At the first Waffle House, three males wearing masks or facially-obscuring items robbed the store at gunpoint of more than $200 and robbed a customer at gunpoint of his wallet containing cash (robberies nos. 1 and 2). At the second Waffle House, the same group with similar attire robbed the cashier at gunpoint of some $300 from the cash register and further assaulted three people by firing a gun at the store manager and pointing a gun at a customer and at another employee (robbery no. 3 and aggravated assaults nos. 1, 2, and 3). At the third Waffle House, three similarly-attired men bearing guns robbed the cashier of money from the store register and also robbed two other employees at gunpoint of their personal funds (robberies nos. 4, 5, and 6). In response to a request from a compatriot, one of the gunmen attempted to kill one of the employees by pointing a gun at the employee's head and pulling the trigger on the gun, which clicked but did not fire (aggravated assault no. 4).

At the first Red Roof Inn, three similarly-attired men robbed the cashier at gunpoint of motel funds (robbery no. 7). At the second Red Roof Inn, three masked gunmen robbed the cashier of money from the motel register at gunpoint and additionally unsuccessfully threatened him with a knife to the eye to disclose the location of a nonexistent safe (robbery no. 8 and aggravated assault no. 5).

At the Country Suites Inn, three masked men robbed the cashier at gunpoint of $300 from the hotel register and of $50 from personal funds (robberies nos. 9 and 10). Unmasked men also robbed a pizza delivery driver of $30 at gunpoint (robbery no. 11), who was able to

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

obtain the license number of the white getaway car (a white getaway car was also used in most of the listed robberies).

Based on the license information, police soon stopped and arrested the female driving the car, who confessed and pled guilty to all of the robberies and who implicated four male participants (two of these males did not participate in all of the robberies but alternated), including Hawkins who participated in all the crimes. After she pled guilty to lesser charges, the three males other than Hawkins pled guilty to lesser charges and received or expected to receive lesser sentences. At trial, the female and the three males all implicated Hawkins (also known as "Turk") as a participant in all of the robberies and assaults, often as the trigger man. Such evidence sustained a verdict of guilt on the eleven counts of armed robbery[3] and five counts of aggravated assault.[4]

On appeal, Hawkins maintains that the testimony of the four accomplices, each of whom received or expected to receive a lesser sentence, was too biased and incredible to sustain the verdict. This argument fails for at least two reasons. First, the testimonies of multiple accomplices suffice to corroborate each other and to sustain a conviction. See *Frazier v. State*[5] ("the testimony of a second accomplice is sufficient to corroborate that of the first"); *Ziegler v. State*.[6] Second, as to the alleged bias of the accomplice witnesses, the "credibility of any witness, including an accomplice, is a question for the jury." *Pinkins v. State*.[7] See *Horne v. State*.[8] We discern no error.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 1, 2008.

*Bernard Knight*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-8-41 (a).

[4] OCGA § 16-5-21 (a) (2).

[5] *Frazier v. State*, 257 Ga. 690, 699 (16) (362 SE2d 351) (1987).

[6] *Ziegler v. State*, 270 Ga. App. 787, 789 (1) (608 SE2d 230) (2004).

[7] *Pinkins v. State*, 243 Ga. App. 737, 738 (1) (a) (534 SE2d 192) (2000).

[8] *Horne v. State*, 231 Ga. App. 864, 865 (1) (501 SE2d 47) (1998).