674 S.E.2d 401 (2009)
In the Interest of A.B., a child.
No. A08A1889.
Court of Appeals of Georgia.
March 2, 2009.
*402 Robertson & Mackey, Penny Manning Mackey, for appellant.
Louie Craig Fraser, Dist. Atty., Terry F. Holland, Bradford N. Childers, Asst. Dist. Attys., for appellee.
DOYLE, Judge.
Following his adjudication of delinquency for committing robbery,[1] aggravated assault,[2] and kidnapping,[3] A.B. appeals, challenging the sufficiency of the evidence. For the reasons that follow, we affirm in part and reverse in part.
With respect to the sufficiency of the evidence supporting a juvenile court adjudication of delinquency,
we apply the same standard of review that is used in any criminal case by construing the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. In the instant case, we must construe the testimony of [the witnesses at the delinquency hearing] in favor of the delinquency adjudication[].[4]
So viewed, the evidence shows that one evening A.B. and two friends decided to rob someone. At approximately 10:30 p.m., they waited outside the victim's house, and, when she arrived in her driveway and exited her car, one boy acted as lookout while the other two collaborated to strike the victim on the head, drag her into the neighbor's yard, and forcefully take her purse. After the boys fled with the purse, the victim was taken to a hospital where she received stitches in her head and other treatment for cuts and abrasions. Her purse was later recovered with cash missing from it.
A.B. was tried in juvenile court, and, based on testimony from the victim, A.B.'s two friends, and the investigating officer, was adjudicated delinquent. He now appeals.
*403 1. A. B. contends that the State failed to adequately adduce evidence corroborating the incriminating testimony of his accomplices. However, because accomplices may corroborate each other's testimony, we disagree.
As A. B. correctly asserts, OCGA § 24-4-8 provides as follows:
The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including ... felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness....
Here, the transcript demonstrates that the evidence of A.B.'s participation in the delinquent acts consisted of (i) testimony from one accomplice who directly implicated A.B., and (ii) testimony from the second accomplice that he earlier told police that A.B. participated in the crime. Based on OCGA § 24-4-8, A.B. argues that this evidence tying him to the acts was insufficient because it consisted solely of the testimony of his accomplices.
This argument fails because "the testimonies of multiple accomplices suffice to corroborate each other and to sustain [an adjudication]."[5] Thus, the two accomplices' testimony sufficed to corroborate each other here. To the extent that the accomplices provided different versions of events as to their own roles, we note that they both implicated A.B., and "[t]he [factfinder] is to determine the credibility of witnesses, so the truthfulness of those witnesses, including that of ... accomplice[s], was for the [factfinder] to decide."[6] Likewise, to the extent that the second witness recanted his prior statement that A.B. was involved in the delinquent acts, "the prior inconsistent statement of a witness is admissible as substantive evidence if the witness testifies at trial and is subject to cross-examination," as was the case here.[7] Therefore, based on the testimony from the two accomplices that A.B. participated in the delinquent acts, the juvenile court was authorized to find that A.B. committed the acts and to adjudicate him delinquent.[8]
2. Because A.B. explicitly challenged the sufficiency of the evidence and argued that the adjudication was unsupported under law, we address whether the evidence otherwise sufficed to support the adjudication.[9] With respect to aggravated assault, the evidence showed that A.B. participated in striking the victim in the head, causing an injury requiring stitches.[10] With respect to robbery, the evidence shows that A.B. participated in using force to steal the victim's purse.[11] Therefore, the evidence sufficed to support those findings of delinquency.[12]
However, with respect to the kidnapping offense, we must reverse under the recent Supreme Court of Georgia precedent *404 in Garza v. State.[13] "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will."[14] The Supreme Court in Garza announced a new standard for determining whether the defendant's movement of the victimin legal parlance, "asportation" suffices to show the element of "abducting or stealing away" for purposes of the offense of kidnapping. The new test requires an assessment of the following factors:
(1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[15]
Here, the movement of the victim (dragging her across the yard) was brief, occurred during the robbery, was an inherent part of the robbery and aggravated assault, and did not significantly endanger the victim independently of the purse snatching and aggravated assault. Accordingly, we must reverse the adjudication as to the kidnapping offense only.[16]
Judgment affirmed in part and reversed in part.
ANDREWS, P.J., and BERNES, J., concur.
NOTES
[1] OCGA § 16-8-40(a)(1).
[2] OCGA § 16-5-21(a)(2).
[3] OCGA § 16-5-40(a).
[4] (Punctuation omitted.) In the Interest of E.C., 292 Ga.App. 798, 665 S.E.2d 896 (2008).
[5] Hawkins v. State, 290 Ga.App. 686, 688, 660 S.E.2d 474 (2008); see also Frazier v. State, 257 Ga. 690, 699(16), 362 S.E.2d 351 (1987) ("it is well established that the testimony of a second accomplice is sufficient to corroborate that of the first").
[6] Kinney v. State, 271 Ga. 877, 880(2), 525 S.E.2d 91 (2000).
[7] Id.
[8] See OCGA § 15-11-2(6)(A) (defining delinquent act as an "act designated a crime by the laws of this state"); Hawkins, 290 Ga.App. at 688, 660 S.E.2d 474; Carr v. State, 289 Ga.App. 875, 877(2), 658 S.E.2d 419 (2008).
[9] See Garza v. State, 284 Ga. 696, 704 (3), n. 7 670 S.E.2d 73 (2008) ("[b]ecause due process requires the existence of sufficient evidence as to every element of the crime of which a defendant is convicted, the fact that this issue was not explicitly raised does not prevent us from addressing (nor, more importantly, does it justify a refusal to address) the issue at this juncture") (citation omitted). We note that Garza was decided after the briefing in this case, but we apply "the law as it exists at the time when the case is before" us. Houston v. State, 192 Ga.App. 73, 74, 383 S.E.2d 571 (1989)(on motion for rehearing).
[10] See OCGA § 16-5-21(a)(2).
[11] See OCGA § 16-8-40(a)(1).
[12] See Hester v. State, 283 Ga. 367(1), 659 S.E.2d 600 (2008) (aggravated assault); Brown v. State, 281 Ga.App. 463, 464, 636 S.E.2d 177 (2006) (robbery).
[13] Garza, 284 Ga. at 702, 670 S.E.2d 73.
[14] OCGA § 16-5-40(a).
[15] Garza, 284 Ga. at 702(1), 670 S.E.2d 73.
[16] See id.; Rayshad v. State, 295 Ga.App. 29, 34(1)(b), 670 S.E.2d 849 (2008) (dragging victim from bedroom, through adjoining bathroom, into closet, and back failed to establish asportation).