S09A1235. HUBBARD v. THE STATE.
(683 SE2d 602)

MELTON, Justice.

Following a jury trial, Terry Lamar Hubbard appeals his conviction for murder and possession of a firearm during the commission of a felony, contending, among other things, that the evidence was insufficient to support the verdict and that his trial counsel rendered ineffective assistance.[1] For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record

---

[1] On October 31, 2005, Hubbard was indicted in Troup County for one count of murder and one count of possession of a firearm during the commission of a felony. Following a jury

shows that, on the evening of October 4, 2005 in a courtyard outside the apartments where they lived, Niyokia Moreland, Hubbard's sister, began arguing with Shantaviase Anderson, Dazman Anderson's sister. After the argument escalated, Hubbard began arguing with Dazman. After a brief break in the confrontation, Hubbard retrieved a gun, fired it in the air, and began to chase Dazman. Dazman attempted to run away, but Hubbard shot him in the back, killing him. Numerous witnesses testified that they saw Hubbard pointing his gun at Dazman and firing it. By the time that the shooting occurred, a very large crowd had formed at the scene. Hubbard alleged that he discarded his gun in bushes after the shooting, and the weapon was never found.

1. This evidence was sufficient to enable the jury to find that Hubbard was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hubbard contends that the trial court erred by denying his motion to strike Juror Michael Jackson for cause. "The decision to strike a potential juror for cause lies within the sound discretion of the trial court and will not be set aside absent some manifest abuse of that discretion." (Citation omitted.) *Abdullah v. State*, 284 Ga. 399, 400 (2) (667 SE2d 584) (2008). There is no such manifest abuse of discretion regarding a decision not to strike a juror

> unless it is shown that the juror's opinion is so fixed and definite that he or she will be unable to set the opinion aside and decide the case based upon the evidence and the trial court's instructions. Neither a prospective juror's doubts as to his ability to be impartial nor his statement that he will try to set aside any preconceived notions mandate as a matter of law that the juror be excused for cause.

(Punctuation and footnotes omitted.) *Miller v. State*, 275 Ga. 730, 736 (5) (571 SE2d 788) (2002).

Juror Jackson, a pastor, testified that he: (1) had read in the paper that Hubbard's trial was coming up; (2) knew the victim's family from seeing them at area churches, but he did not know them well; (3) did not know the victim's name until he saw it in a newspaper; and (4) went to the funeral home to view the victim's

---

trial, Hubbard was found guilty of both crimes on September 28, 2006, and, that same day, the trial court sentenced Hubbard to life imprisonment for murder and five consecutive years for possession of a firearm. Hubbard filed a motion for new trial on September 29, 2006, and amended it on March 7, 2008 and November 3, 2008. On December 17, 2008, the trial court denied Hubbard's motion. Hubbard's appeal was thereafter docketed in this Court on April 14, 2009, and submitted for decision on the briefs.

body but none of the victim's family members were there. Juror Jackson stated nonetheless that he would not be affected by any of these things and that he could make a fair and impartial decision in the case. As we found in *Mosely v. State*, 269 Ga. 17, 20 (2) (495 SE2d 9) (1998), a case in which the prospective juror had viewed a victim's body and discussed the murder with some of the victim's coworkers,

> [t]he record in the present case demonstrates that [the] prospective juror[ was] able to put aside any relationship with the victim or the defendant and render [an] impartial verdict[ ] based solely on the evidence. Since we cannot conclude that [the] juror had such a compelling bias or interest in the outcome of the case, as would require a factual determination under *Lively*[ *v. State*, 262 Ga. 510 (1) (421 SE2d 528) (1992)], the trial court was entitled to rely on the juror['s] responses in determining [his] qualifications to serve. Accord *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997); *Carr v. State*, 267 Ga. 547 (5) (480 SE2d 583) (1997).

(Citation and punctuation omitted.) Id. at 20 (2). As a result, the trial court did not abuse its discretion in denying Hubbard's motion to remove Juror Jackson for cause.

3. Hubbard contends that his trial counsel rendered ineffective assistance of counsel in numerous ways.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Allen v. State*, 284 Ga. 310, 315 (4) (667 SE2d 54) (2008).

Hubbard argues that his trial counsel rendered ineffective assistance by failing to make a motion to change venue due to a large amount of pre-trial publicity. The only evidence of any such publicity provided by Hubbard at his motion for new trial hearing regarded the facts that a memorial service was held for the victim in the community and that Hubbard was housed in another county prior to trial. Hubbard provided no newspaper clippings, videos, or the like to support his claim. During his testimony at the motion for new trial hearing, Hubbard's trial counsel stated that, during voir dire, he

questioned the potential jurors to determine if pre-trial publicity caused them to be biased and concluded that bias was not a problem. He further testified that it would not have been advantageous for Hubbard to be tried in another county. The record supports trial counsel's testimony. Therefore,

> as there is no evidence that any venire member was dismissed for cause due to a fixed opinion as to appellant's guilt, there is no evidence that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. See *Tolver v. State*, 269 Ga. 530 (4) (500 SE2d 563) (1998); *Lemley v. State*, 258 Ga. 554 (4) (372 SE2d 421) (1988). See also *Happoldt v. State*, 267 Ga. 126 (2) (475 SE2d 627) (1996).

*Pittman v. State*, 274 Ga. 260, 264 (5) (553 SE2d 616) (2001). As a result, Hubbard's trial counsel did not render ineffective assistance by failing to make a motion for a change of venue.

Hubbard next contends that his trial counsel rendered ineffective assistance by failing to call certain witnesses during trial.

> It is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics, *Simpson v. State*, 277 Ga. 356 (4) (c) (589 SE2d 90) (2003), and that tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances. [Cits.]

*Walker v. State*, 281 Ga. 521, 526 (7) (640 SE2d 274) (2007). At the motion for new trial hearing, trial counsel testified that he interviewed every witness that was made available to him, including witnesses at the scene. Of these witnesses, he chose those he believed would provide the best support to Hubbard's case. This approach was certainly reasonable. Id. Moreover, of all the witnesses Hubbard contends his trial counsel should have called to testify, Hubbard provided admissible evidence from only one such witness at the motion for new trial hearing. This witness testified that unknown others in the gathered crowd had guns on the night of the shooting. This evidence, however, is merely duplicative of trial testimony given by other witnesses that they heard gunshots from the crowd before the shooting.

Hubbard contends that his trial counsel rendered ineffective assistance by failing to recover the weapon he alleges that he was firing on the night of the crime or a gun allegedly fired by his sister

at the scene. At the motion for new trial hearing, however, trial counsel testified that he did perform an investigation to find these weapons, although that investigation was not ultimately successful. Moreover, Hubbard's trial counsel used the absence of the murder weapon in Hubbard's defense, arguing that the State lacked the appropriate evidence to prove that Hubbard was the person who shot Dazman and that Hubbard's sister may have been the actual shooter. Trial counsel's strategy in this regard did not comprise ineffective assistance of counsel.

Hubbard's remaining contentions regarding ineffective assistance of counsel have either been waived because they were not properly raised in the motion for new trial, or they lack merit. See generally *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008) (defendant required to raise any issue of ineffective assistance of trial counsel at earliest practicable moment to avoid it being deemed waived).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*John D. Rasnick*, for appellant.
*Peter J. Skandalakis, District Attorney, John M. Caldwell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.