## A09A2094. COLLINS v. THE STATE.
(686 SE2d 305)

BLACKBURN, Presiding Judge.

Following a jury trial, Eddie Collins was convicted on two counts of aggravated battery,[1] four counts of aggravated assault,[2] one count of reckless driving,[3] one count of reckless conduct,[4] and one count of leaving the scene of an accident.[5] He appeals his convictions and the denial of his motion for new trial, arguing that his trial counsel provided ineffective assistance by failing to call various witnesses, by failing to adequately investigate the case, and by failing to adequately advise him regarding his right to testify. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[6] the evidence shows that on July 8, 2007, Collins was visiting some family friends in a Monroe, Georgia neighborhood, when he became involved in an argument with one of the neighborhood's residents. The argument quickly escalated into a fight between Collins and several of the neighborhood's residents. Other neighborhood residents called the police, but those involved in the fight, including Collins, fled the scene as the police approached.

Later that same afternoon, a group of the neighborhood residents, including some who had been involved in the fight, were walking down the street not far from where the fight had occurred when they noticed Collins's automobile stopped at an intersection a

---

[1] OCGA § 16-5-24 (a).
[2] OCGA § 16-5-21 (a) (2).
[3] OCGA § 40-6-390 (a).
[4] OCGA § 16-5-60 (b).
[5] OCGA § 40-6-270 (a).
[6] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

short distance up the street. Instead of reversing or turning his vehicle at the intersection, Collins revved up his engine and sped toward the group, striking four of them and seriously injuring two of those four. After Collins's vehicle stopped, he got out and began punching one of the individuals he had struck. He then fled the scene in his vehicle but was apprehended and arrested by police shortly thereafter.

Collins was indicted on two counts of aggravated battery, four counts of aggravated assault, one count of reckless driving, one count of reckless conduct, and one count of leaving the scene of an accident. At trial, the four victims testified regarding the incident and the injuries that they sustained. In addition, the State played a video-taped police interview of Collins, in which he admitted to striking the victims with his vehicle but claimed he did so because he saw some of the victims drawing guns as they approached him. Two of the passengers who were riding with Collins at the time of the incident also testified that at least one of the victims drew a gun before Collins drove into the group but that one of the victims' uninjured friends removed the gun from the scene before police arrived. Collins did not testify in his own defense, and at the trial's conclusion, the jury found him guilty on all charges.

Thereafter, Collins filed a motion for new trial. Later, he obtained new counsel and filed an amended motion for new trial, alleging ineffective assistance of trial counsel. Following a hearing, the trial court denied Collins's motion, giving rise to this appeal.

In a single compound enumeration of error,[7] Collins cites several instances in which his counsel allegedly provided ineffective assistance.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[8] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

*Kurtz v. State*.[9] "Making that showing requires that [Collins] rebut the strong presumption that [his] lawyer's conduct falls within the

---

[7] The compound form of this enumeration is improper. Nevertheless, "[w]e have made every effort to discern [Collins's] arguments on appeal, but those not properly supported with argument and citation of authority may be deemed abandoned." *Argentum Intl. v. Woods*, 280 Ga. App. 440, 443 (1) (634 SE2d 195) (2006); see OCGA § 5-6-40 (the enumerations of error "shall set out separately each error relied upon").

[8] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[9] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

wide range of reasonable professional assistance." *Simpson v. State*.[10] "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Beck v. State*.[11] "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." *Kurtz*, supra, 287 Ga. App. at 825. We now address the alleged instances of ineffective assistance cited by Collins.

1. Collins contends that his trial counsel provided ineffective assistance by failing to call Turkessa Sheats, who was a passenger in Collins's vehicle at the time of the incident, as a witness during trial. Specifically, Collins argues that Sheats would have testified that she also saw some of the victims with guns at the time of the incident, and thus her testimony would have supported his self-defense theory. This contention is without merit.

> It is well established that the decision as to which defense witness to call is a matter of trial strategy and tactics, and that tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances.

(Citation and punctuation omitted.) *Watkins v. State*.[12] During the motion for new trial hearing, trial counsel testified that he did not call Sheats as a witness because of allegations that she and Collins were romantically involved at the time of the incident despite the fact that Sheats was underage. We therefore disagree that trial counsel's strategic decision not to call her as a witness was unreasonable. Furthermore, trial counsel did call two of the other passengers from Collins's vehicle as witnesses, and both testified that at least one of the victims had a gun. Thus, Sheats's "testimony would have been cumulative of other witnesses, and trial counsel's failure to present cumulative evidence does not amount to ineffective assistance." (Punctuation omitted.) *Johnson v. State*.[13]

2. Collins contends that his trial counsel provided ineffective assistance by failing to call Stanley Malcom as a witness, arguing that Malcom's testimony would have further supported his claim that some of the victims were armed at the time of the incident. We disagree.

---

[10] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).
[11] *Beck v. State*, 292 Ga. App. 472, 474 (2) (a) (665 SE2d 701) (2008).
[12] *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009).
[13] *Johnson v. State*, 290 Ga. App. 255, 258 (1) (b) (659 SE2d 638) (2008).

At the motion for new trial hearing, Malcom testified that he and one of Collins's victims were incarcerated together on charges unrelated to Collins's assault and that this victim told him that he and one of the other victims were armed at the time of incident. Malcom further testified that he told Collins about this conversation prior to Collins's trial. Later during the hearing, Collins testified that he informed his trial counsel that one of the victims had admitted to Malcom that he was armed. However, during the hearing, Collins's appellate counsel did not ask trial counsel about the decision not to call Malcom as a witness, "and the decision not to do so is therefore presumed to be a strategic one that does not amount to ineffective assistance." *Ballard v. State*.[14] See *Dyer v. State*[15] (defendant failed to show deficient performance when he did not question attorney regarding reasons for a decision that may be presumed to be strategic).

3. Collins also contends that his trial counsel provided ineffective assistance by failing to call character witnesses to testify on his behalf. We disagree.

"[S]trategic decisions at trial are the exclusive province of the lawyer, and decisions concerning whether to call character witnesses and whether to place the defendant's character in issue are matters of trial strategy and do not equate with ineffective assistance of counsel." *Blackford v. State*.[16] Nevertheless, pretermitting the question of deficient performance, we conclude that Collins has failed to show sufficient prejudice. "When considering the prejudicial effect of counsel's failure to call a witness, the court must consider whether the testimony proffered would have had an effect on the trial's outcome." *Thomas v. State*.[17] During the hearing on his motion for new trial, Collins testified that he asked his trial counsel to call witnesses to testify as to his good character but that counsel declined to do so. However, Collins did not proffer the testimony of any of these character witnesses. "Where, as here, the defendant fails to proffer the testimony of an uncalled witness, he cannot prove that there is a reasonable probability that the trial would have ended differently." *McDaniel v. State*.[18]

4. Collins contends that his trial counsel provided ineffective assistance by failing to adequately investigate the case. We disagree.

At the hearing on his motion for new trial, Collins's wife and his brother-in-law testified that a couple of days before trial, they told

[14] *Ballard v. State*, 281 Ga. 232, 234 (2) (637 SE2d 401) (2006).
[15] *Dyer v. State*, 278 Ga. 656, 660 (7) (604 SE2d 756) (2004).
[16] *Blackford v. State*, 251 Ga. App. 324, 329 (4) (554 SE2d 290) (2001).
[17] *Thomas v. State*, 282 Ga. 894, 895 (2) (a) (655 SE2d 599) (2008).
[18] *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005).

trial counsel that they thought a continuance was necessary so that counsel could more thoroughly prepare the case. They further testified that trial counsel responded that he wanted to proceed based on his belief, which later turned out to be mistaken, that the police had recovered guns at the scene of the incident. Collins argues that this testimony supports his contention that trial counsel performed deficiently by not adequately investigating the case before going to trial. Again, pretermitting whether trial counsel performed deficiently in this regard, Collins

> has failed to identify anything that might have been done differently at trial which would have been favorable to him if counsel had prepared more thoroughly or requested a continuance. Absent a showing of both deficient performance and harm, [Collins's] ineffectiveness claim on this basis must fail.

*Felder v. State.*[19] See *Domingues v. State.*[20]

5. Collins contends that his trial counsel provided ineffective assistance by failing to adequately advise him regarding his right to testify. He further contends that counsel failed to adequately prepare him, which forced him to choose against testifying. This contention is without merit.

At trial, after being advised by the court about his right to testify and after being questioned by the court as to whether he understood that right, Collins responded that he did and that he had decided against testifying. Additionally, during the motion for new trial hearing, Collins's trial counsel testified that he left the decision of whether or not to testify to Collins but that he advised against it based on his opinion that the videotaped police interview played at trial allowed Collins to present to the jury his contention that the victims were armed while avoiding cross-examination by the State.

"The decision whether or not to testify is a tactical one made by the defendant himself after consultation with counsel. The choice of whether to testify is ultimately a defendant's." (Punctuation omitted.) *Nichols v. State.*[21] Here, trial counsel's testimony at the motion hearing and Collins's colloquy with the court at trial belie his contention that he was not adequately advised about his right to testify. See *Felder*, supra, 286 Ga. App. at 279 (5) (c); *Campbell v.*

---

[19] *Felder v. State*, 286 Ga. App. 271, 278 (5) (b) (648 SE2d 753) (2007).

[20] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[21] *Nichols v. State*, 288 Ga. App. 118, 125 (3) (g) (653 SE2d 300) (2007).

*State.*[22] Furthermore, the decision that Collins not testify "was a reasonable strategic decision in light of counsel's assessment of the case at the close of the State's case and, consequently, cannot support an ineffective assistance of counsel claim." *Watkins v. State.*[23] See *Felder*, supra, 286 Ga. App. at 278-279 (5) (c) (counsel's advice that defendant not testify because he would be vulnerable on cross-examination if he did was a reasonable strategic decision); *Giddens v. State*[24] (counsel's advice that defendant not subject himself to cross-examination, as he had made a complete statement to police which was played for the jury was a reasonable strategic decision).

Accordingly, the trial court did not err in denying Collins's ineffective assistance of counsel claims.

*Judgment affirmed. Adams and Doyle, JJ., concur*

DECIDED OCTOBER 28, 2009.

Brian K. Ross, for appellant.

W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney, for appellee.

---

[22] *Campbell v. State*, 282 Ga. App. 854, 857 (4) (c) (640 SE2d 358) (2006).
[23] *Watkins v. State*, 285 Ga. 107, 110 (3) (b) (674 SE2d 275) (2009).
[24] *Giddens v. State*, 276 Ga. App. 353, 357 (3) (b) (623 SE2d 204) (2005).