## A10A0217. BURKES v. THE STATE.
### (691 SE2d 910)

MILLER, Chief Judge.

A Muscogee County jury convicted Kentorie Rashad Burkes of one count of aggravated child molestation (OCGA § 16-6-4 (c)). Burkes appeals from the trial court's order denying his motion for a new trial, arguing that he received ineffective assistance of counsel because his trial counsel failed to call several defense witnesses. Concluding that Burkes failed to carry his burden of showing that his trial counsel's performance was deficient, we affirm.

On appeal from a trial court's decision on an ineffective assistance of counsel claim, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that during the latter part of the second week of July 2004, the victim, who was six years old and normally resided with her mother, spent several nights at her paternal grandmother's house, including Friday, July 9, 2004. Burkes, who is the victim's father, lived in the victim's grandmother's home along with Burkes' brother and one of his aunts. The victim went to stay with her grandmother because the victim's paternal grandfather was in town.

The victim's mother testified that on the evening of July 12,

2004, the victim told her that "this hurts" and "pointed down to her private part." When the victim's mother asked the victim if anyone had been touching her, the victim responded that her father had. The victim's mother took the victim to the hospital, where she was interviewed by Officer Thomas Medlin of the Columbus Police Department. The victim reported that while she was spending the night with her grandmother and sleeping with her grandmother in her grandmother's bed, Burkes came into the room, got into bed, and touched her private part with his private part. The victim told Medlin that she tried to scream but Burkes put his hand over her mouth and a pillow over her head, and the abuse continued until the victim screamed loud enough to wake up her grandmother.

Following the interview with Medlin, Dr. Sarah Barr examined the victim. The victim told Dr. Barr that two days earlier her father came into the room, took off her pants, covered her mouth, and put something in her private area. Dr. Barr did not find any obvious bruises, tears or injuries but testified that the absence of an obvious injury was not necessarily inconsistent with a report of molestation.

On July 13, 2004, Detective Joyce Dent-Fitzpatrick of the Columbus Police Department interviewed the victim, and a videotape of the interview was admitted into evidence at trial. Because the videotape was difficult to hear, the prosecutor asked Dent-Fitzpatrick to recount what the victim said. According to Dent-Fitzpatrick, the victim told her that she woke up with Burkes on top of her, and Burkes was "pushing" and put a pillow over her head while she was lying face down. Dent-Fitzpatrick asked the victim if Burkes put his penis inside her, and, in response, the victim used a doll to demonstrate how he had done so. Dent-Fitzpatrick also stated that the victim said that her father only stopped when her screaming woke up her grandmother, who told Burkes to get off and started "whooping" him with a belt. The victim testified at trial that she told Dent-Fitzpatrick that Burkes had touched her bottom with his "thing," i.e., his penis.

Burkes contends that his trial counsel was ineffective in failing to call his two aunts, Roxanne Mack and Barbara Burkes ("Barbara"), and his grandmother, Earnestine Woods, as defense witnesses at trial. We disagree.

> To prevail on a claim of ineffective assistance of trial counsel, [a criminal defendant] must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation and punctuation omitted.) *Matthews v. State*, 284 Ga. 819,

821-822 (4) (672 SE2d 633) (2009). "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Robinson*, supra, 277 Ga. at 76.

> It is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics, and that tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances.

(Citations and punctuation omitted.) *Hubbard v. State*, 285 Ga. 791, 794 (3) (683 SE2d 602) (2009); *Collins v. State*, 300 Ga. App. 657, 659 (1) (686 SE2d 305) (2009).

When asked at the motion for new trial hearing whether Mack, Barbara, and Woods should have testified at trial, Burkes' trial counsel responded, "That would be a judgment call" and further stated that he believed his choice not to call them benefitted his client. In explaining why he did not call Mack, Barbara, and Woods, Burkes' trial counsel stated: "In the general picture as best I recall, I argued through or asked the questions through other, the State's witnesses, to establish that information; and I felt like that that information was in place and could be argued during the closing." Burkes' trial counsel also testified that, while he makes decisions on a case-by-case basis, he does not necessarily call witnesses if their testimony will be cumulative. He further agreed that he would not call a witness who would add nothing to his client's defense.

The record bears out Burkes' trial counsel's contention that the information Mack, Barbara, and Woods were prepared to offer was in place prior to closing statements, although, contrary to trial counsel's recollection, such information came in through the defense witnesses he called.[1] At the motion for new trial hearing, Barbara testified that she lived with the victim's grandmother and was sleeping in a bedroom across the hall on the Friday night the alleged molestation occurred. She did not hear anything going on in the bedroom where the victim was sleeping with her grandmother. At trial, Burkes' brother, who was also living with the victim's grandmother and in her home on the night in question, testified that Burkes came home late Saturday morning; he had to let Burkes into

---

[1] Burkes' trial counsel admitted that his recollection of the evidence at trial was vague because "[t]hat was about 900 cases ago." Burkes' trial began on January 31, 2005 and concluded on February 2, 2005. Burkes' amended motion for a new trial was not filed until March 10, 2009, and the hearing on the motion was held on April 17, 2009, more than four years after trial.

the house; and he did not subsequently hear the victim scream or hear any commotion. Mack, Barbara, and Woods all testified at the motion for new trial hearing that they spent time with the victim from the Saturday morning following the alleged incident until Sunday morning, and the victim did not make any complaints about any problems with her father. According to Woods, the victim appeared to be happy. At trial, the victim's paternal grandfather testified that he spent time with the victim on the relevant Saturday and Sunday, and he described the victim as "happy" when he dropped her off at her grandmother's house on Sunday morning. In his closing, Burkes' trial counsel relied on the foregoing testimony of Burkes' brother and the victim's paternal grandfather to attempt to undermine the credibility of the victim's account.

Under the circumstances, trial counsel's strategic "judgment call" not to present largely cumulative testimony from additional defense witnesses was not so unreasonable as to establish ineffective assistance of counsel. *Hubbard*, supra, 285 Ga. at 794 (3); *Johnson v. State*, 290 Ga. App. 255, 258 (1) (b) (659 SE2d 638) (2008) ("[T]rial counsel's failure to present cumulative evidence does not amount to ineffective assistance.") (punctuation and footnote omitted).

For the foregoing reasons, we affirm the trial court's order denying Burkes' motion for a new trial.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2010.

*William J. Mason*, for appellant.

*Julia F. Slater, District Attorney, Danielle F. Forte, Assistant District Attorney*, for appellee.