A09A1044. GRIMES v. THE STATE.
(678 SE2d 167)

ELLINGTON, Judge.

A Tift County jury found Reginald Grimes guilty of armed robbery, OCGA § 16-8-41; and kidnapping, OCGA § 16-5-40. Following the denial of his motion for a new trial, Grimes appeals, challenging only the sufficiency of the evidence of the asportation element of kidnapping. For the reasons that follow, we reverse Grimes's conviction for kidnapping (Count 2 of the indictment).[1]

In reviewing Grimes's sufficiency challenge,

> we construe the evidence favorably to support the jury's verdict, and [Grimes] no longer enjoys a presumption of

---

[1] Because Grimes did not enumerate any error with regard to his conviction of armed robbery (Count 1), that conviction stands affirmed by operation of law.

innocence. We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find [Grimes] guilty of the crimes charged beyond a reasonable doubt.

(Footnotes omitted.) *Crawford v. State*, 297 Ga. App. 187, 188 (1) (676 SE2d 843) (2009). So viewed, the evidence shows that, just before midnight on September 13, 2005, Grimes and his accomplice entered a Shoney's restaurant with their faces covered and guns drawn. The robbers told the manager to turn around and get down and told the waitresses to get into a booth. While Grimes's accomplice kept the waitresses in the booth, Grimes forced the manager into the office and told him to unlock the money cabinet. Grimes then took a bank bag full of money that was in the cabinet. Next, Grimes forced the manager to go to the register at the front counter and open it. After Grimes took money from that register, he and his accomplice fled the restaurant.

Grimes contends that his movement of the victim was brief, was during and entirely incidental to the armed robbery, and did not significantly increase the danger posed to the victim, and, therefore, that the evidence of asportation was insufficient to support a charge of kidnapping. Under OCGA § 16-5-40 (a), kidnapping results when a person "abducts or steals away any person without lawful authority or warrant and holds such person against his will."

Traditionally, the element of abducting or stealing away the victim, also know as "asportation," has been established by proof of movement of the victim, however slight. . . . Recently, however, our Supreme Court altered the traditional interpretation of asportation. In *Garza v. State*, [284 Ga. 696, 697 (1) (670 SE2d 73) (2008),] the Court rejected the "slight movement" standard and adopted a new test for determining whether movement constitutes asportation. Under this test, four factors must be considered: (1) the movement's duration; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was inherently part of the separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. As described by *Garza*, assessment of these factors will assist Georgia prosecutors and courts alike in determining whether the movement in question is in the nature of the evil the kidnapping statute was originally intended to address — i.e., movement serving to substantially isolate the victim from protection or rescue —

or merely a criminologically insignificant circumstance attendant to some other crime.

(Footnotes omitted.) *Crawford v. State*, 297 Ga. App. at 190 (1) (b). Because Grimes's appeal was pending when the Supreme Court decided *Garza*, and was thus in the "pipeline," we apply the *Garza* test to determine whether the movement of the victim constitutes asportation. See *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992).

In adopting the new test for asportation, the Supreme Court specifically disapproved of a kidnapping conviction under a scenario in which a robber "forces his victim to move from one room to another in order to find a cashbox or open a safe" and the movement of the victim "was part and parcel of the robbery and not an independent wrong." *Garza v. State*, 284 Ga. at 699 (1). After thoroughly reviewing the record in this case, we conclude that Grimes's movement of the victim was brief, occurred during and incidental to the armed robbery, and did not enhance significantly the risk the victim already faced as a victim of armed robbery. As a result, the movement did not meet the modified asportation requirement, and Grimes's conviction of kidnapping (Count 2) must be reversed for insufficient evidence. *Garza v. State*, 284 Ga. at 703-704 (2), (3).[2]

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 6, 2009.

---

[2] See also *Crawford v. State*, 297 Ga. App. at 190 (1) (b) (where the defendant grabbed the victim in a restaurant's oven room, forced her at knifepoint into another room that contained a cash register, took the money the victim retrieved from the cash register, and then took her back into the kitchen area, whereupon the victim fled the restaurant, the defendant's movement of the victim during and incidental to the armed robbery did not satisfy the asportation requirement); *In the Interest of A. B.*, 296 Ga. App. 350, 351-352 (2) (674 SE2d 401) (2009) (where the defendant and his accomplices hit the victim on the head in her driveway, dragged her into a neighbor's yard, snatched her purse, and fled, the movement of the victim during and incidental to the aggravated assault and armed robbery did not satisfy the asportation requirement); *Rayshad v. State*, 295 Ga. App. 29, 33-34 (1) (b) (670 SE2d 849) (2008) (where the defendant broke into the victims' bedroom, demanded to be told where to find the family's safe, dragged one of the victims from the bedroom, through the adjoining bathroom, and into a closet, dragged her back into the bedroom, took money she disclosed was under the mattress, and then fled, the defendant's movement of the victim during and incidental to the armed robbery did not satisfy the asportation requirement); cf. *Henderson v. State*, 285 Ga. 240, 244 (5) (675 SE2d 28) (2009) (where the defendant and his accomplices approached the victims outside a residence, ordered them inside, took their valuables from them in one room, forced them into another room, ordered them to remove their clothing and to lie down, answered a knock on the door, admitted a pizza deliveryman, tried to rob him and then shot him, the defendants' movement of the first victims was not incidental to the already completed armed robbery and significantly increased the danger to them and, therefore, satisfied the asportation requirement).

*Mary Erickson*, for appellant.

*C. Paul Bowden, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.