## A09A0540. HORNE v. THE STATE.
(680 SE2d 616)

BARNES, Judge.

Benjamin Horne was convicted of kidnapping with bodily injury, aggravated assault, false imprisonment, and two counts of family violence battery. The trial court merged the false imprisonment count with the kidnapping count, and gave Horne a mandatory life sentence, 20 years to serve 12 in confinement on the aggravated assault count, and 12 months on each of the battery counts, all to be served concurrently. Horne argues four grounds on appeal: (1) the trial court erred in instructing the jury that the asportation required to prove kidnapping need only be slight; (2) his trial counsel was ineffective; (3) his life sentence was cruel and unusual; and (4) the trial court erred in denying his request for funds to hire an expert to evaluate Horne's mental competency. For the reasons that follow, we affirm the convictions.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that Horne had been living with the victim for three years. In April 2005, while their daughter was away from home, the couple returned home from an evening out and an argument ensued, in which Horne accused the victim of flirting with Horne's brother. The argument escalated over the course of several hours until Horne dragged the victim out of bed and began kicking and slapping her until she backed into the closet, then Horne blocked the closet door so she could not get out. After some time passed, Horne came into the closet and began choking the victim until she blacked out. He dragged her into the dining room and abused her further, then directed her to get dressed and put on makeup because they were going to return the ring he had bought her and then go to his brother's apartment. He threatened to kill her if she did not leave with him. Before they left, Horne made the victim write out a "confession" detailing her interest in his brother.

Horne drove the couple to a convenience store and went in to buy something while the victim waited in the car, afraid she would be

YALE LAW LIBRARY

unable to get away if she tried. He then drove them to a mall and took the ring inside while the victim waited in the car, but the jeweler was closed, and Horne returned so quickly the victim had no time to run. Finally, Horne drove to his brother's apartment complex and went inside, again leaving the victim in the car. As soon as he turned the corner the victim jumped out and banged on the windows of a car that had just pulled into the parking lot, begging for help. The couple in the car let her get in, gave her a cell phone to call 911, and drove her to a nearby grocery store where she met the police. An ambulance took the victim to the hospital, and Horne was arrested at his brother's apartment the next day.

Horne was charged with aggravated sexual battery, aggravated assault by holding a knife to the victim's throat, kidnapping with bodily injury consisting of cuts to the victim's mouth and bruising on her legs, aggravated assault by beating and choking the victim until she lost consciousness, false imprisonment by barricading the victim in a closet, and two counts of family violence battery, one for bruising the victim's eye area and one for bruising her thighs.

At trial the victim testified at length, as did the man who drove her from the apartment complex to meet the police, a 911 operator, four police officers, and a victim advocate. The State introduced numerous pictures of the victim's injuries, and several witnesses testified they had witnessed the victim's injuries. The investigators testified that the scene was consistent with the victim's story, as were her injuries. For example, they found scuff or drag marks between the bedroom closet and dining room and the victim's knees were red and injured. They found a belt the victim described Horne hitting her with, as well as broken picture frames, photographs Horne had cut up, and a blood-stained pillow.

Horne testified that the victim, who was larger than he was, was the dominant partner in their relationship. Horne also testified that he and the victim argued loudly on many occasions which ended with the victim slapping him or punching him. Until the night of the incident he had never hit back, he said. On the night of the incident he and the victim had a long discussion about the victim's attraction to his brother and other matters. Horne testified that after the discussion, the victim came at him "kicking and slapping and just flailing at me." He testified that he did not think, he just hit her back because he feared for his safety, and the two struggled. He felt bad about himself afterward, and broke picture frames in the living room and cut himself out of photographs. Horne testified that the victim left with him willingly to go to the convenience store, the mall, and his brother's apartment, where he went to buy some marijuana. He admitted on cross-examination that he and the victim had used methamphetamine the day before.

The jury acquitted Horne of the aggravated sexual battery and aggravated assault with a knife charges, and convicted him of the other charges. We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Horne guilty beyond a reasonable doubt of aggravated assault by choking the victim with his hands, kidnapping with bodily injury, false imprisonment by confining the victim in a closet, and two counts of family violence battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Horne argues that the trial court erred in charging the jury that to prove kidnapping, "only the slightest movement of the victim is required to constitute the necessary element of asportation." The State argued in closing that "slight movement" of a few feet was sufficient and either of two incidents supported the kidnapping conviction. First, the victim was dragged from her bedroom closet to the dining room; second, Horne forced the victim under threats to drive away with him.

In November 2008, the Supreme Court of Georgia held that the asportation required to support a conviction for kidnapping must be more than "slight." *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008).[1] Per *Garza*, we assess four factors to determine whether the evidence of asportation is sufficient to sustain a kidnapping conviction: (1) the duration of the movement; (2) whether the movement occurred during the commission of a crime other than kidnapping; (3) whether the movement was an inherent part of that other crime and "(4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense." Id. at 702.

In this case, however, Horne requested the instruction given and has therefore waived any challenge to the use of that instruction. *Sampson v. State*, 282 Ga. 82, 84-85 (5) (646 SE2d 60) (2007).

Horne also argues that dragging the victim to the dining room would not constitute kidnapping under *Garza*, even if driving the victim to another location would, and therefore we must reverse because " 'when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside.' " *Sandstrom v. Montana*, 442 U. S. 510, 526 (99 SC 2450, 61 LE2d 39) (1979). While *Garza* did not find the

---

[1] The legislature subsequently amended the kidnapping statute to provide that slight movement *is* sufficient to prove kidnapping as long as the movement was not incidental to another offense, then further defined what actions would not be incidental to another offense. This statute applies to crimes committed on or after the revised statute's effective date, July 1, 2009. OCGA § 1-3-4. The crime in this case occurred in April 2005, and therefore the standard set forth in *Garza* applies.

YALE LAW LIBRARY

kidnapping statute unconstitutional, Horne argues that its new evidentiary rule makes invalid one of the two scenarios the State argued, which was that he committed the offense by dragging the victim from the bedroom closet to the dining room, citing *Crawford v. State*, 254 Ga. 435, 439 (1) (330 SE2d 567) (1985). *Crawford* does not apply in this case, however, because that defendant was only indicted for felony murder but the trial court charged the jury on both felony and malice murder. Thus the jury's ambiguous guilty verdict could have been based on an unindicted crime. The court reversed and remanded for a new trial.

In this case, Horne was charged with one count of kidnapping with bodily injury, and we review the evidence in the light most favorable to the verdict to determine if it is sufficient to sustain the convictions. *Campbell v. State*, supra, 278 Ga. at 840. Our courts have applied *Garza* on a case-by-case basis to determine whether moving a person from room to room constitutes sufficient asportation to affirm a kidnapping conviction. In *Henderson v. State*, 285 Ga. 240 (675 SE2d 28) (2009), the Supreme Court of Georgia held that moving the victims from one room to another within a duplex was sufficient asportation because, although of minimal duration, it was not an inherent part of the armed robbery and created an additional danger to the victims by enhancing the gunmen's control over them. See also *Epps v. State*, 297 Ga. App. 66 (676 SE2d 791) (2009), affirming a kidnapping charge when the victim was driven around for a substantial amount of time before and after being robbed. Conversely, in *Rayshad v. State*, 295 Ga. App. 29, 33-34 (1) (b) (670 SE2d 849) (2008), this court reversed two kidnapping convictions, reasoning that moving one victim from a standing position to the floor and another from room to room were of short duration, were incidental to other crimes, and did not significantly increase the danger to either victim. See also *Grimes v. State*, 297 Ga. App. 720 (678 SE2d 167) (2009); *Crawford v. State*, 297 Ga. App. 187 (676 SE2d 843) (2009); *In the Interest of A. B.*, 296 Ga. App. 350 (674 SE2d 401) (2009).

In this case, moving the victim from the closet to the dining room was not incidental to any of the other crimes for which Horne was charged and created additional danger for the victim by placing her in a more open space where Horne could abuse her more easily. The injuries for which Horne was convicted occurred before or after the dragging. And the journey in the car was of more than minimal duration and took place after Horne assaulted the victim. Consequently, either scenario argued by the State supports the kidnapping conviction, which we therefore affirm.

2. Horne argues that his trial counsel was ineffective for a laundry list of reasons: for failing to visit the scene, failing to

interview the State's witnesses, failing to hire any experts, failing to demur to the kidnapping charge, failing to make an opening statement, and using only forty-five minutes out of a potential two-hour closing.

The burden is on the defendant claiming ineffectiveness of counsel to establish that his attorney's representation in specific respects fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Citation and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322-323 (10) (565 SE2d 551) (2002).

Trial counsel has a duty to make a reasonable investigation. We have held trial counsel was ineffective when he failed to uncover an alleged victim's numerous prior false molestation allegations. *Gibbs v. State*, 287 Ga. App. 694, 697-698 (1) (a) (i) (652 SE2d 591) (2007). The Supreme Court of Georgia found both trial counsel ineffective in a murder case for preparing for trial in a careless and unreasonable manner as shown by comparing the evidence presented at trial with the evidence presented at the motion for new trial hearing that trial counsel failed to discover. *Terry v. Jenkins*, 280 Ga. 341, 347 (2) (c) (627 SE2d 7) (2006). But here, unlike the defendants in *Gibbs* and *Terry*, Horne has not developed for comparison evidence his counsel should have uncovered but did not, other than the incident between the victim and her landlady discussed infra, or testimony an expert witness would have presented but did not. He simply argues that trial counsel should have investigated further. This argument does not establish that trial counsel's performance was deficient.

Further, trial counsel explained that he did not make an opening statement because he wanted to get into his evidence more quickly and he thought the case was proceeding well for them. He also explained that he thought arguing for more than 45 minutes was not effective, that he thought the kidnapping indictment was clear based on the reports he read, and that he did not move for a directed verdict because making it would have been in bad faith as the State had presented sufficient evidence to go to a jury. He did not move to exclude evidence of Horne's drug use because he thought the issue might not come up at all, but if the victim had admitted drug use it would have helped the defense; the State's inventory of the search warrant found no drugs; and counsel was surprised by Horne's answer on cross-examination that he went to his brother's apartment to obtain marijuana. These decisions are strategic, and as a

general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002).

Horne asserts that his counsel was ineffective for failing to investigate an incident in which he alleged the victim tried to bring false assault charges against her former landlady and wanted Horne to lie about it, and was ineffective for failing to cross-examine the victim regarding the incident. Whether the victim was untruthful at some other time is not relevant to whether she was truthful in this case. Trial counsel was not ineffective for failing to develop such irrelevant evidence. *Ramsay v. State*, 220 Ga. App. 618, 622 (1) (469 SE2d 814) (1996).

3. Horne asserts that his life sentence for the offense of kidnapping with bodily injury is cruel and unusual, particularly considering that the victim's injuries were slight. We have held that a sentence of life imprisonment for kidnapping with injury is authorized by the statute. *Fulcher v. State*, 259 Ga. App. 648, 649-650 (2) (578 SE2d 264) (2003). Our Supreme Court has held that OCGA § 16-5-40 (b) (4) does not violate the Eighth Amendment prohibition against cruel and unusual punishment even though it mandates a life sentence if the victim suffers any bodily injury, regardless of its severity. *Albert v. State*, 180 Ga. App. 779, 786-787 (9), (10) (350 SE2d 490) (1986). Further, the statute is not unconstitutionally vague for failing to define "bodily injury." Id. We adhere to this ruling, and find Horne's enumeration of error to be without merit. See *Lloyd v. State*, 226 Ga. App. 401, 403 (4) (487 SE2d 44) (1997).

4. Finally, Horne argues that the trial court erred in failing to convene a special jury to determine Horne's competency to stand trial. Without a plea of mental incompetence, the trial court is not required to convene a special jury to determine the issue. *Callaway v. State*, 208 Ga. App. 508, 509 (1) (431 SE2d 143) (1993). Accordingly, as Horne did not file such a plea, the trial court did not err in not convening a special jury.

Further, nothing in the record indicates that Horne did not understand the proceedings. The court observed and commented on Horne's demeanor in its ruling on his motion for new trial, noting that he participated in the trial and appeared to have assisted his attorney throughout. This enumeration is without merit.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 29, 2009

Kidnapping, etc. Hall Superior Court. Before Judge Fuller. *W. Andrew Maddox*, for appellant.