## A09A2074. DECOTEAU v. THE STATE.
(691 SE2d 328)

BARNES, Judge.

David Mark Decoteau appeals his convictions of burglary, aggravated assault, kidnapping, entering an automobile with the intent to commit theft, and possession of a firearm during the commission of a crime. Decoteau contends the evidence was insufficient to sustain his convictions, and that the trial court should have granted his motion for a new trial because his estranged wife was a member of the grand jury that indicted him. For the reasons that follow, we reverse his kidnapping conviction for insufficient evidence but affirm the remaining convictions.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that the victim was in a musical group and received payment from a television commercial in which the group had performed. A few days later, the victim was at home with his infant son when two intruders kicked in his back door. The victim offered the two men his rent money but the robbers were not satisfied, so the victim lied and told them he had some money in his truck. The victim recognized one of the robbers who took the baby and placed a gun to the baby's head as Germaine Bowman, an acquaintance of several years. Bowman

went out and looked through the victim's truck but came back into the house and told the other robber, later identified as Decoteau, that he had found no money.

Decoteau forced the victim outside at gunpoint to find the money in his truck, but when the victim opened his vehicle door Decoteau stepped aside far enough that the victim was able to escape. The victim testified he had only met Decoteau twice before, so he did not recognize him right away. The victim, his next-door neighbor, and co-defendant Bowman all testified that Decoteau was involved in the robbery. Bowman, who was indicted with Decoteau and pled guilty to burglary, aggravated assault and entering an automobile with the intent to commit theft, testified that he and Decoteau went to the victim's house looking for money and marijuana. Bowman essentially corroborated most of the victim's testimony, although he denied having a gun.

Decoteau testified that he lent his car to Bowman the morning of the robbery but did not participate in the crimes, and his alibi witness testified that she was with Decoteau when the crimes were committed.

(a) Decoteau argues the evidence was insufficient to establish his identity as one of the two men who broke into the victim's home. A single witness's testimony is generally sufficient to establish a fact, except for "felony cases where the only witness is an accomplice." OCGA § 24-4-8. An accomplice's testimony must be corroborated in some way, but "[s]light evidence of corroboration connecting defendant with the crime is sufficient"; and the sufficiency of the corroboration is an issue for the jury to resolve. *Quaid v. State*, 132 Ga. App. 478, 481 (1) (208 SE2d 336) (1974); *Pitts v. State*, 128 Ga. App. 434, 435 (197 SE2d 495) (1973).

The testimony of Decoteau's co-defendant Bowman was corroborated by both the victim and his neighbor. The victim testified that Decoteau wore a ski mask during the robbery but he pulled it up so the victim could see his face, and also identified Decoteau at trial as the man who held a gun on him while he pretended to look for money in his truck. The victim's neighbor identified Decoteau as the person she saw lead the victim outside while holding a gun in the victim's side. Additionally, Decoteau wrote a letter from jail to his co-defendant implicating himself in the crime. This corroboration was sufficient to create a jury question as to whether Decoteau was guilty of the crimes charged. *Mitchell v. State*, 279 Ga. 158, 159 (1) (611 SE2d 15) (2005); *Baines v. State*, 276 Ga. 117, 119 (2) (575 SE2d 495) (2003).

The evidence as outlined above was sufficient for a rational trier of fact to find Decoteau guilty beyond a reasonable doubt of burglary, aggravated assault, entering an automobile with the intent to

commit theft, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) As to the kidnapping charge, however, we must reverse the conviction. Decoteau argues the evidence was insufficient because any movement of the victim was simply "incidental to another offense." We note that the State did not respond in its brief to Decoteau's argument that insufficient evidence supports the kidnapping charge, but only argued that the evidence corroborated the testimony of the accomplice.

The Supreme Court of Georgia has held that the evidence of asportation needed to support a kidnapping conviction must be more than "slight." *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008).[1] *Garza* sets forth four factors in determining the sufficiency of the evidence to sustain a kidnapping:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a crime other than kidnapping; (3) whether the movement was an inherent part of that other crime and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

(Punctuation omitted.) *Horne v. State*, 298 Ga. App. 601, 603 (1) (680 SE2d 616) (2009). For example, the evidence was insufficient to support a kidnapping conviction when the robber moved his victim from one room to another in search of a safe, because the movement was part of the robbery. *Grimes v. State*, 297 Ga. App. 720, 722 (678 SE2d 167) (2009).

In this case, the aggravated assault count charged Decoteau with pointing a gun at the victim and demanding money; and the entering an automobile count charged him with entering the victim's truck intending to commit theft. After thoroughly reviewing the evidence, we conclude that Decoteau's movement of the victim was brief, occurred during and incidental to the aggravated assault, and did not enhance significantly the risk the victim already faced as a victim of aggravated assault. Taking the victim to his truck actually allowed him to escape. As a result, the movement did not meet the modified

---

[1] The legislature amended the kidnapping statute to show that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense and defined what actions would not be incidental to another offense. This amended statute applies to crimes committed on or after the revised statute's effective date, July 1, 2009. OCGA § 1-3-4. The crime in this case occurred in October 2001, so the standard set forth in *Garza* applies.

asportation requirement, and Decoteau's conviction of kidnapping must be reversed for insufficient evidence. *Grimes*, supra, 297 Ga. App. at 722. See also *Horne v. State*, supra, 298 Ga. App. at 603 (1); *Crawford v. State*, 297 Ga. App. 187, 190 (1) (b) (676 SE2d 843) (2009); *In the Interest of A. B.*, 296 Ga. App. 350, 351-352 (2) (674 SE2d 401) (2009).

2. Decoteau also contends the trial court erred in denying his motion for new trial because his estranged wife was on the grand jury that indicted him. This argument is without merit. While OCGA § 15-12-70 provides that grand jurors related "by consanguinity or affinity" to any party interested in the result of the case "within the sixth degree as computed according to the civil law" are disqualified from serving on a grand jury, the disqualification of a grand juror

> for bias or prejudice does not afford grounds for the dismissal of the charge or the grant of a new trial even though the parties were ignorant of the defect until after verdict. Second, the issue of disqualification of a juror should have been raised prior to indictment or at the earliest practical opportunity thereafter.

(Citations omitted.) *Sowers v. State*, 194 Ga. App. 205, 207 (2) (390 SE2d 110) (1990).

We need not apply these legal principles in this case, however, because the evidence in the record establishes only that Decoteau's estranged wife may have served on the grand jury previous to the one that indicted Decoteau, not on the grand jury that issued his indictment. Further, Decoteau's attorney states that he only presented this argument because his client asked him to do so. Therefore, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 23, 2010.

*William M. Fleming*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.