[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14995

_____

D.C. Docket No. 1:12-cv-00086-JRH-BKE

JOHNNY OVERSTREET, JR.,

Petitioner - Appellant,

versus

WARDEN,

Respondent - Appellee,

ATTORNEY GENERAL, STATE OF GEORGIA,

Respondent.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 27, 2016)

Before MARTIN, ANDERSON and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Johnny Overstreet, Jr., a Georgia prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  This Court granted a certificate of appealability on the following issue:

> Whether appellate counsel rendered ineffective assistance in failing to argue that there was insufficient evidence to support Overstreet's kidnapping convictions in light of *Garza v. State*, 670 S.E.2d 73, 78 (Ga. 2008).

After careful review and with the benefit of oral argument, we answer the certified issue in the affirmative, reverse the order of the district court, and remand with instructions for the district court to issue the writ.

In 2007, a jury found Overstreet guilty of 35 counts arising from his role in armed robberies of five fast-food restaurants.  Among Overstreet's convictions were four counts for kidnapping.  The record shows[1] that Overstreet's kidnapping convictions were based on Overstreet's leading the restaurant manager to the restaurant safe in a back room or office and then ordering the manager to open the safe.  On two of the four occasions, before fleeing, Overstreet led the restaurant manager back to the front of the restaurant, where the remaining employees were being held.  Under Georgia law at the time of Overstreet's conviction, Overstreet's moving the restaurant managers in this manner was sufficient to satisfy the asportation element of kidnapping.  *See Lyons v. State*, 652 S.E.2d 525, 528 (Ga.

---

[1] The parties do not dispute the pertinent facts on appeal.  The parties do, however, dispute the legal conclusions to be drawn therefrom.

2

2007) ("The requirement of asportation to prove kidnapping is satisfied if there is movement of the victim, however slight that movement is.").

In 2008, the Georgia Supreme Court modified the test for asportation, overruling *Lyons*. *Garza*, 670 S.E.2d at 78. Under the new test, movement of a victim that is "part and parcel" of an independent crime, such as armed robbery, would generally not be considered asportation. *Id.* at 76 (discussing, as an example of a situation that should not constitute kidnapping, "the robber who forces his victim to move from one room to another in order to find a cashbox or open a safe") (quotation omitted). This modification applied to any kidnapping conviction that had not yet been adjudicated on direct appeal. *See Kollie v. State*, 687 S.E.2d 869, 874 (Ga. App. 2009).[2]

In 2009, the Georgia Court of Appeals overturned several kidnapping convictions in which the movement of the victim was part and parcel of an armed robbery. *Kollie*, 687 S.E.2d at 875 (movement of victim to safe in back office then to front of restaurant); *Grimes v. State*, 678 S.E.2d 167, 168 (Ga. App. 2009) (movement of victim from front of restaurant to money cabinet in back office, then to front cash register). *Kollie* and *Grimes* are substantially identical to the pertinent facts in Overstreet's case. *See* 687 S.E.2d at 873; 678 S.E.2d at 168.

---

[2] The Georgia legislature has since abrogated *Garza* by statute, but this amendment applies to conduct on or after July 1, 2009. *See Horne v. State*, 680 S.E.2d 616, 619 n.1 (Ga. App. 2009). Overstreet's conduct took place in 2006 and is therefore adjudicated under the *Garza* test for asportation.

Likewise, *Garza*'s example of "the robber who forces his victim to move from one room to another in order to find a cashbox or open a safe" is strikingly similar to the pertinent facts in Overstreet's case. *Garza*, 670 S.E.2d at 76 (quotation omitted). *Garza*, *Grimes*, and *Kollie* were all decided after Overstreet's conviction but before his direct appeal. Thus, as in *Grimes* and *Kollie*, Overstreet's kidnapping convictions were likely to be reversed on appeal.

Fifteen months after *Garza*, nine months after *Grimes*, and three months after *Kollie*, Overstreet's appellate counsel[3] filed a brief in support of Overstreet's direct appeal of his convictions. The brief mentioned neither asportation generally nor *Garza* and its progeny specifically. The brief argued, among other things, that Overstreet's conviction was "strongly against the weight of the evidence" and challenged the credibility of several witnesses for the prosecution. Without having been notified in any way of the *Garza* issue, the Georgia Court of Appeals denied Overstreet's appeal. *Overstreet v. State*, 696 S.E.2d 114 (Ga. App. 2010).

In the ensuing years, Overstreet sought habeas corpus relief in the Georgia Superior Court, the Georgia Supreme Court, and the United States District Court for the Southern District of Georgia. Before each court, Overstreet, proceeding *pro se*, argued that his appellate counsel had been ineffective for failing to raise *Garza*.

---

[3] Overstreet's counsel in this federal habeas corpus appeal is not the appellate counsel to whom the Court refers. References to Overstreet's appellate counsel refer to the attorney who represented Overstreet in Georgia state court for his post-trial motions and direct appeal.

4

Among a series of meritless arguments, Overstreet attempted to articulate a meritorious argument—Overstreet's appellate counsel was ineffective for failing to raise *Garza* because *Garza* changed the law and compelled reversal of the four kidnapping counts.

Although Overstreet raised a meritorious claim of ineffective assistance of appellate counsel, both the Georgia Superior Court and district court appear to have been mired in Overstreet's many meritless claims and to have misinterpreted Overstreet's argument as being a fact-based challenge to the sufficiency of the evidence presented at trial. Overstreet's challenge was not based on the facts but on the law—the jury had convicted Overstreet using the wrong test for asportation, and the facts did not support the asportation element under the new law. Without ever mentioning *Garza* or its progeny, each court denied Overstreet's request for relief. With the benefit of thorough briefing and oral argument as to the single issue on appeal, the Court now recognizes what was nearly overlooked: Overstreet's appellate counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

When reviewing a district court's denial of a 28 U.S.C. § 2254 petition, we review "questions of law and mixed questions of law and fact, including ineffective assistance of counsel claims, *de novo*, and review findings of fact for clear error." *Pardo v. Sec'y, Fla. Dept. of Corr.*, 587 F.3d 1093, 1098 (11th Cir.

5

2009).  The Court is "highly deferential" to a state court's adjudication on the merits.  *Id.*  When a state court has adjudicated on the merits a state prisoner's claim, a federal court may grant the writ of habeas corpus only if the state court's decision:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A state court decision involves an unreasonable application of Supreme Court precedent 'if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case.'"  *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000)).  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

*Strickland* governs a claim of ineffective assistance of appellate counsel. *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013).  Under *Strickland*, a petitioner must show (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced the petitioner's defense.  466 U.S. at 687.  When

6

considering deficient performance, a court must presume counsel's performance was "within the wide range of reasonable professional assistance." *Id.* at 689. Appellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments. *See Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)); *see also Burger v. Kemp*, 483 U.S. 776, 784 (1987) (finding no ineffective assistance of counsel when the failure to raise a particular issue had "a sound strategic basis"). A petitioner satisfies the prejudice prong upon showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citation and quotations omitted).

Overstreet's appellate counsel's failure to make a *Garza* argument can be explained in one of two ways: he either failed to recognize or elected not to raise

this strong basis for reversal of four criminal convictions.[4]  Either way, counsel's

performance is patently deficient.  *Cf. Cave v. Singletary*, 971 F.2d 1513, 1518

(11th Cir. 1992) ("The attorney's choice of tactic must be *reasonable* under the

circumstances.") (emphasis in original).  Although Overstreet's appellate counsel

made arguments in support of more comprehensive relief than reversal of just four

out of 35 counts, no argument was particularly likely to succeed.  Even if

meritorious, none of appellate counsel's arguments was as compelling as *Garza*,

which almost certainly would have resulted in reversal of the kidnapping counts.

Appellate counsel's deficient performance also prejudiced Overstreet.  *See Black v.*

*United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) (explaining that a petitioner

satisfies the prejudice prong of Strickland upon showing that "but for the deficient

performance, the outcome of the appeal would have been different").  But for

appellate counsel's failure to raise *Garza*, the Georgia Court of Appeals would

almost certainly have reversed Overstreet's kidnapping convictions.

The United States Supreme Court holds that it is possible for appellate

counsel to render ineffective assistance.  *See Smith v. Murray*, 477 U.S. 527, 535

(1986).  Therefore, there must be a set of facts under which appellate counsel could

be found ineffective.  The fundamental purpose of an appellate lawyer representing

---

[4] At an evidentiary hearing before the Georgia Superior Court, appellate counsel testified that he believed he raised every meritorious argument and that any arguments he omitted were left out for a reason.  Counsel was not questioned about *Garza* specifically and provided no reason for the omission.

a defendant in a direct criminal appeal is to identify and argue bases for reversal of a conviction. *See Douglas v. California*, 372 U.S. 353, 358 (1963) (describing the value of appellate counsel's "examination into the record, research of the law, and marshalling of arguments on [the defendant's] behalf"). Appellate counsel might fail to identify a mediocre or obscure basis for reversal without being ineffective under *Strickland*. *See, e.g.*, *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013). In many (perhaps most) cases, counsel may err without being deficient or may be deficient without causing prejudice. Overstreet's chances of reversal, however, were not merely possible or even probable. As discussed above, had Overstreet's appellate counsel raised *Garza*, *Grimes*, or *Kollie*, absent a departure from precedent, Overstreet's kidnapping convictions would have been reversed. Therefore, Overstreet's appellate representation was undeniably ineffective. *See Eagle v. Linahan*, 279 F.3d 926, 943 (11th Cir. 2001) ("Where, as here, appellate counsel fails to raise a claim on appeal that is so obviously valid that any competent lawyer would have raised it, no further evidence is needed to determine whether counsel was ineffective for not having done so. . . . Her failure to raise it, standing alone, establishes her ineffectiveness."). The state court's determination to the contrary was an unreasonable application of *Strickland*.[5]

---

[5] We need not and do not address whether the district court should have reviewed the adjudication of the Georgia Superior Court or of the Georgia Supreme Court because there is no

9

We therefore answer the certified issue in the affirmative. Overstreet's appellate counsel rendered ineffective assistance in failing to argue that there was insufficient evidence to support Overstreet's kidnapping convictions in light of *Garza*. This case is reversed and remanded with instructions for the district court to issue the writ as to Overstreet's kidnapping convictions, counts 2, 10, 17, and 26.

**REVERSED and REMANDED.**

---

reasonable basis upon which either state court could have concluded that Overstreet's appellate counsel rendered effective assistance. *See Harrington*, 562 U.S. at 98.