[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16136
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00430-MMH-MCR

NEHEMIAH WILLIAM FORD,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 14, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In 2008, Nehemiah William Ford ("Petitioner") was convicted in Florida state court of selling cocaine.  After multiple postconviction appeals in state court, Petitioner, proceeding *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2254 in federal district court.  After the district court denied Petitioner relief, we granted Petitioner's application for a certificate of appealability on one issue: whether the district court properly interpreted the state court's rejection of Petitioner's ineffective assistance of appellate counsel claim as an adjudication on the merits entitled to deference under § 2254(d).  After reviewing the record and the parties' briefing, we agree with the district court's determination.

## I.    **BACKGROUND**

In early 2008, Petitioner was arrested and charged with selling cocaine.[1]  At trial, the State presented testimony from the two undercover detectives who described how they purchased cocaine from Petitioner, audio recordings from the

---

[1]  Fla. Stat. § 893.13(1)(a) (West 2006) states:

Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:

1.  A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c) 4., commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

2

devices that the detectives wore documenting their interactions with Petitioner, testimony from the crime lab analyst who confirmed that the substance sold by Petitioner was cocaine, testimony from a third detective who interviewed Petitioner immediately after his arrest and testified that Petitioner admitted that he had sold cocaine to the undercover officers, and an audio recording of that interview. Petitioner cross-examined each witness, but put forward no evidence in his defense.  The jury deliberated for less than an hour before returning a guilty verdict.

Within days of the verdict, on July 18, 2008, Petitioner filed a motion for a new trial on the basis that the trial court had erred by not granting Petitioner's motions for judgment of acquittal made twice during the trial, by denying Petitioner's motion in limine to limit the testimony of the undercover detectives, by denying Petitioner's objection to facts not in evidence made during the State's closing rebuttal, and by failing to instruct the jury that Petitioner had to have knowledge of the presence of cocaine to be convicted.  The motion also asserted that the jury's verdict was contrary to the evidence and to the law.

The trial court denied Petitioner's motion on August 14.  After applying a habitual felony offender enhancement for Petitioner's past convictions, the judge sentenced Petitioner to 30 years in prison.  On January 23, 2009, Petitioner filed a

3

motion to correct an illegal sentence, which the court denied shortly afterward on January 27.

In June, Petitioner filed a direct appeal.  Petitioner's appellate counsel argued only that the application of the habitual felony offender enhancement was unconstitutional.  Petitioner's appellate counsel did not raise any of the claims preserved in Petitioner's motion for a new trial.  On December 16, 2009, Petitioner's conviction and sentence were affirmed per curiam.  *Ford v. State*, 23 So. 3d 714 (Fla. 1st DCA 2009) (table opinion).

On July 28, 2010, Petitioner filed a petition for postconviction relief alleging that his appellate counsel was ineffective for failing to raise the claims presented in his motion for a new trial.  The court denied the petition in an opinion on August 25 that stated:  "DENIED.  See Pope v. Wainwright, 496 So. 2d 798 (Fla. 1986)." *Ford v. State*, 46 So. 3d 70 (Fla. 1st DCA 2010) (memorandum opinion).  On September 8, Petitioner moved for rehearing en banc, which was summarily denied on October 20.

Petitioner filed a separate motion for postconviction relief alleging that he was illegally and vindictively sentenced on November 20, 2010.  That motion was denied on July 2, 2012.  Petitioner appealed the denial.  That appeal was denied on November 9, and his subsequent motion for rehearing was denied on December 21.

4

Petitioner, proceeding *pro se*, filed a petition for habeas corpus in the Middle District of Florida on April 22, 2013. He alleged three grounds for relief, including ineffective assistance of appellate counsel, vindictive sentencing, and illegal sentencing. The district court denied Petitioner's sentencing-related claims, and they are not at issue in the present appeal. For Petitioner's ineffective assistance of appellate counsel claim, the district court determined that the claim had been adjudicated on the merits in state court and therefore analyzed the claim under the deferential standards of 28 U.S.C. § 2254(d). The district court concluded that the state court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of federal law and was also not based on an unreasonable determination of the facts. Accordingly, the district court held that Petitioner's claim did not merit relief.

Petitioner then filed an application for a certificate of appealability ("COA") under 28 U.S.C. § 2253 with this Court. A member of this Court granted a COA for his ineffective assistance of appellate counsel claim solely on the issue of:

> Whether the district court erred in interpreting the state habeas court's reliance on *Pope v. Wainwright*, 496 So. 2d 798 (Fla. 1986), as a determination that the issues that Ford asserted appellate counsel should have raised were nonmeritorious, and deferring to that inferred merits determination.

Having been fully briefed on this issue, we turn to it now.

5

## II.　STANDARD OF REVIEW

We review *de novo* a district court's conclusions on mixed questions of fact and law, including whether a state court's decision is a procedural ruling or a merits-based adjudication. *See Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011).

## III.　DISCUSSION

The COA limits the issue on this appeal to whether or not the district court properly interpreted the state court's denial of Petitioner's ineffective assistance of appellate counsel claim as an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) ("[A]ppellate review is limited to the issues specified in the COA."). Under *Strickland v. Washington*, 466 U.S. 668 (1984), defendants have a right to effective appellate counsel. *Overstreet v. Warden*, 811 F.3d 1283, 1287 (11th Cir. 2016).[2] Whether the state court denied Petitioner's *Strickland* claim on procedural grounds matters because, if Petitioner's claim was never adjudicated on the merits, then § 2254(d)'s deferential review standards would not apply to the state court's decision. *See* 28 U.S.C. § 2254(d) (according deference to "any claim that was

---

[2] "Under *Strickland*, a petitioner must show (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced the petitioner's defense." *Overstreet*, 811 F.3d at 1287.

adjudicated on the merits in State court proceedings").[3]  Petitioner's claim would instead be procedurally defaulted.[4]  *See Coleman v. Thompson*, 501 U.S. 722, 729–31 (1991) (explaining the procedural default doctrine).

To determine whether a state court's decision is a procedural or merits-based ruling, the Supreme Court has instructed that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).  So, when a state court denies a petitioner's claim without giving a statement of reasons, there is a presumption that the state court adjudicated the claim on the merits.  *Id.* at 98–100.  This presumption may be overcome "only 'when there is reason to think some other explanation for the state court's decision is more likely.'"  *Loggins v. Thomas*, 654 F.3d 1204, 1216 (11th Cir. 2011) (quoting *Harrington*, 562 U.S. at 99–100).  Accordingly, "we will

---

[3]  If a claim was adjudicated on the merits in state court, then a federal court may grant habeas relief only if the state court adjudication either:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

[4]  If Petitioner's claim is procedurally defaulted, he would have to show cause for the default and prejudice from a violation of federal law to overcome the prohibition on hearing procedurally defaulted claims.  *Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012).

presume that the state court has rendered an adjudication on the merits when the petitioner's claim is the same claim rejected by the state court." *Id.* at 1217 (quotation marks omitted); *see also Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012) ("[A]n adjudication on the merits is best defined as any state court decision that does not rest solely on a state procedural bar and . . . deference is presumed unless the state court clearly states that its decision was based solely on a state procedural rule.") (quotation marks omitted).

Here, the state court summarily denied Petitioner's *Strickland* claim in an opinion that stated only: "DENIED. See Pope v. Wainwright, 496 So. 2d 798 (Fla. 1986)." *Ford v. State*, 46 So. 3d 70 (Fla. 1st DCA 2010) (memorandum opinion). The district court interpreted this to be an adjudication on the merits of Petitioner's claim. We agree. Neither the state court's summary denial nor its citation to *Pope v. Wainright*, 496 So. 2d 798 (Fla. 1986)—a case that denied a petitioner's *Strickland* claim on the merits and is commonly cited for the general *Strickland* standard in Florida[5]—provides us with any reason to think that it is more likely that the state court applied a procedural bar to Petitioner instead of

---

[5] *See, e.g.*, *Baker v. State*, 214 So. 3d 530, 536 (Fla. 2017); *Serrano v. State*, 225 So. 3d 737, 757 (Fla. 2017); *Johnson v. Moore*, 837 So. 2d 343, 345 (Fla. 2002); *Delgado v. State*, 174 So. 3d 1071, 1073 (Fla. 5th DCA 2015); *Dill v. State*, 79 So. 3d 849, 851 (Fla. 5th DCA 2012); *Comer v. State*, 997 So. 2d 440, 440–41 (Fla. 1st DCA 2008); *Irving v. State*, 627 So. 2d 92, 93 (Fla. 3d DCA 1993).

adjudicating his claim on the merits.  Thus, we presume the state court's decision is an adjudication on the merits for the purposes of § 2254(d).  Accordingly, the district court correctly interpreted the state court's decision as a merits-based determination and properly reviewed that decision under § 2254(d)'s deferential standards to determine that Petitioner's *Strickland* claim did not merit relief.

**AFFIRMED.**