# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1665.  REGINALD EUGENE GRIMES, JR. v. THE STATE.**

After a jury trial, Reginald Eugene Grimes, Jr., was convicted of armed robbery and kidnapping. On appeal, Grimes challenged only his kidnapping conviction, and we reversed that conviction due to insufficient evidence. See *Grimes v. State*, 297 Ga. App. 720 (678 SE2d 167) (2009). Grimes subsequently filed several motions to vacate his armed robbery conviction. The trial court denied the motions, and Grimes filed this appeal. We, however, lack jurisdiction.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed. See *Williams v. State*, 287 Ga. 192, 192, 194 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Grimes's motions do not allege that his sentence exceeds the maximum allowed by law. Instead, Grimes alleges that he is actually innocent and that the jury was presented with perjured testimony. These are not valid void-sentence arguments. Accordingly, Grimes's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__06/03/2020_____*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*