# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1220. RONNIE CURTIS, JR. v. THE STATE.

In 1994, Ronnie Curtis, Jr., was convicted of kidnapping, sodomy, aggravated assault, and false imprisonment (five counts). The trial court imposed a sentence which included 20 years for the sodomy conviction. We affirmed Curtis's convictions on appeal. Case No. A96A1915 (decided Dec. 17, 1996). In 2021, Curtis filed a "Motion to Set Aside Void Sentence," in which he contended that his conviction for sodomy must be overturned in light of the decision in *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998).[1] The trial court denied the motion, and Curtis filed this direct appeal. We lack jurisdiction.

First, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the

---

[1] In *Powell v. State*, 270 Ga. at 336 (3), the Court "conclude[d] that OCGA § 16-6-2 is unconstitutional insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent."

statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, the trial court was permitted to sentence Curtis to 20 years for sodomy. See OCGA § 16-6-2 (b) (1993).

Second, our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Regardless of the nomenclature, Curtis's motion sought to set aside his criminal conviction. Notably, Curtis's challenge to his conviction based on the decision in *Powell v. State* is unavailing, as his conviction was already final (i.e., no longer in the "pipeline"on direct appeal) when *Powell* was decided. See generally *Shelton v. State*, 307 Ga. App. 599, 604 (3) (c) (705 SE2d 699) (2011); *Grimes v. State*, 297 Ga. App. 720, 722 (678 SE2d 167) (2009).

Accordingly, because Curtis has not raised a colorable void sentence claim and is not authorized to attack his conviction in this manner, this appeal is hereby DISMISSED. See id.; *Harper*, 286 Ga. at 218 (1) and (2).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/02/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*