[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13998
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-22100-FAM

SANTOS CORALES-CARRANZA,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Santos Corales-Carranza, a Florida inmate, appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.  Corales-Carranza was convicted of second-degree murder and sentenced to 40 years in prison.  Following unsuccessful challenges to his convictions on direct appeal and in collateral proceedings in the Florida state courts, Corales-Carranza filed a federal habeas petition in the United States District Court for the Southern District of Florida, raising claims of ineffective assistance of trial and appellate counsel.  The district court denied Corales-Carranza's petition with prejudice and denied him a certificate of appealability.  On appeal, Corales-Carranza's motion for a certificate of appealability was granted on his ineffective assistance of appellate counsel claim.  Specifically, a certificate of appealability was granted on the following question:  "Whether the District Court erred in its resolution of Mr. Corales-Carranza's ineffective assistance of appellate counsel claim, with respect to counsel's failure to supplement his appeal after the issuance of *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010)."  11th Cir. Doc. 14 at 3.

We affirm the district court's denial of Corales-Carranza's § 2254 petition as to the sole claim he is authorized to raise on appeal.  We conclude that Corales-Carranza has failed to show that the Florida state habeas court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that his

2

appellate counsel's performance was not ineffective. Therefore, Corales-Carranza cannot demonstrate a meritorious claim of ineffective assistance of counsel.

## I.    BACKGROUND

The State of Florida charged Corales-Carranza by information with the second-degree murder of Carlos Hernandez, pursuant to Fla. Stat. § 782.04(2). At trial, the State argued that Corales-Carranza murdered the victim by brutally stabbing and beating him. During his trial testimony, Corales-Carranza conceded that the victim had been murdered but asserted in his defense that he had not committed the crime.

The trial court instructed the jury on second-degree murder and the lesser-included offense of manslaughter-by-act. As to second-degree murder, the court instructed the jury that "[i]n order to convict of second-degree murder it is not necessary for the [S]tate to prove the defendant had intent to cause death." Doc. 13-6 at 93.[1] As to manslaughter, the court read to the jury Florida's 2006 standard manslaughter-by-act jury instruction, which provided that the State had to prove beyond a reasonable doubt that (1) Carlos Hernandez was dead and (2) "Santos Corales-Carranza intentionally caused the death of Carlos Hernandez." *Id.* The jury found Corales-Carranza guilty of second-degree murder; he was sentenced to 40 years' imprisonment.

---

[1] "Doc #" refers to the numbered entries on the district court's docket.

Corales-Carranza directly appealed his sentence to the Florida Third District Court of Appeal, arguing that the trial court had erred by failing to instruct the jury on manslaughter-by-culpable-negligence as a freestanding, lesser-included offense, or as part of the manslaughter instruction. Corales-Carranza filed his appellate brief in December 2009. While his appeal remained pending, the Florida Supreme Court held in *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010), that the use of Florida's 2006 standard manslaughter-by-act jury instruction constituted fundamental error when manslaughter was a lesser-included offense of second-degree murder because the instruction erroneously required the jury to find that the defendant intended to cause the victim's death. 39 So. 3d at 259-60. Corales-Carranza's appellate counsel filed no supplemental brief challenging in light of *Montgomery* the use of the 2006 standard manslaughter-by-act jury instruction. The Third District Court of Appeal affirmed Corales-Carranza's conviction and sentence in July 2010. *See Corales-Carranza v. State*, 41 So. 3d 226 (Fla. Dist. Ct. App. 2010).

Proceeding *pro se*, Corales-Carranza filed a petition for writ of habeas corpus in the Third District Court of Appeal, pursuant to Florida Rule of Appellate Procedure 9.141(c), based on his appellate counsel's failure to argue on direct appeal that the use at his trial of Florida's 2006 standard manslaughter-by-act jury instruction constituted fundamental error. The Third District Court of appeal

4

summarily denied the petition.  *See Corales-Carranza v. State*, 49 So. 3d 1277 (Fla. Dist. Ct. App. 2010).  Corales-Carranza then filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in state court, again proceeding *pro se*.  The court denied the motion with prejudice.  The Third District Court of Appeal summarily affirmed.  *See Corales-Carranza v. State*, 190 So. 3d 643 (Fla. Dist. Ct. App. 2016).

Corales-Carranza filed a § 2254 petition in the United States District Court for the Southern District of Florida.  In this petition, he alleged at least two grounds for habeas relief, including a claim that his appellate counsel was ineffective for failing to argue on direct appeal that the use of the 2006 standard manslaughter-by-act instruction was fundamental error.  A magistrate judge recommended that the district court deny Corales-Carranza's petition and deny him a certificate of appealability.  As to the ineffective assistance of appellate counsel claim, the magistrate judge concluded that Corales-Carranza had failed to show that the state court unreasonably applied *Strickland*.  Lacking any objection, the district court adopted the magistrate judge's recommendation, denied Corales-Carranza's petition, and denied him a certificate of appealability.

Corales-Carranza was granted a certificate of appealability only on his ineffective assistance of counsel claim based on his appellate counsel's failure to supplement his appeal after the Florida Supreme Court issued *Montgomery*.

5

## II.    STANDARD OF REVIEW

We review the denial of a § 2254 habeas petition *de novo* and factual findings for clear error.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  "An ineffective assistance of counsel claim is a mixed question of law and fact which we review *de novo*."  *Id.*

## III.    DISCUSSION

On appeal, Corales-Carranza argues that his appellate counsel performed deficiently because counsel failed to supplement Corales-Carranza's appeal with an argument based on *Montgomery*.  According to Corales-Carranza, he was prejudiced by this deficient performance because had counsel supplemented his appeal, he would have been placed in the *Montgomery* "pipeline."[2]  Appellant's Br. at 21.  He thus argues that he is entitled to relief because the state habeas court's ruling on this issue was "contrary to, or involved an unreasonable application of" *Strickland*.  *See* 28 U.S.C. § 2254(d)(1).  The State responds that Corales-Carranza is entitled to no relief because he cannot show *Strickland* prejudice when, at the time of his appeal, no Florida District Court of Appeal decision had held that the use of the 2006 standard manslaughter-by-act jury

---

[2] As we have described it in another opinion, "[t]he Florida 'pipeline' theory is one under which certain decisions announcing a new rule of law are applied retrospectively to all appellants whose appeals are not final at the time the new rule is announced."  *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1330 n.5 (11th Cir. 2016) (citing *Mitchell v. Moore*, 786 So. 2d 521, 530 n.8 (Fla. 2001)).

instruction constituted fundamental error when, as in Corales-Carranza's case, intent was not disputed at trial.

A state inmate may petition a federal court for habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court is generally barred from granting habeas relief to a petitioner in state custody on a claim that the state court adjudicated on the merits unless the state court's ruling (1) "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." *Id.* § 2254(d)(l)-(2). When, as here, a state court summarily denies a habeas claim, *see Corales-Carranza v. State*, 49 So. 3d 1277 (Fla. Dist. Ct. App. 2010), the denial is considered an adjudication on the merits for § 2254(d)(1) purposes. *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002).

"'Clearly established' in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of the Supreme Court's cases at the time of the relevant state court decision." *Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1258 (11th Cir. 2016) (second internal quotation marks omitted). "'Contrary to' means the state

court applied a rule different from the governing law set forth in Supreme Court cases, or it decided a case differently than the Supreme Court has done on a set of materially indistinguishable facts." *Id.* at 1258-59 (alterations adopted) (second internal quotation marks omitted). "An 'unreasonable application' under § 2254(d)(1) occurs when a state court decision (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's case, or (2) either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1259 (alterations adopted) (second and third internal quotation marks omitted). "The 'unreasonable application' inquiry asks whether the state court's application of clearly established federal law was objectively unreasonable, which requires the state court decision to be more than incorrect or erroneous." *Id.* at 1259 (alterations adopted) (second and third internal quotation marks omitted) (citation omitted). In sum, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.* at 1260 (internal quotation marks omitted).

An ineffective assistance of appellate counsel claim is "governed by the same standards applied to trial counsel under *Strickland*." *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013) (internal quotation marks

omitted).  To show a meritorious Sixth Amendment claim of ineffective assistance of appellate counsel, a petitioner must demonstrate (1) deficient performance, indicating that the attorney failed to function as required by the Sixth Amendment; and (2) that counsel's deficient performance prejudiced the petitioner.  *Strickland*, 466 U.S. at 687.

"Under the first prong, [the petitioner] must show that his direct appellate counsel's performance 'fell below an objective standard of reasonableness.'" *Brooks*, 719 F.3d at 1300 (quoting *Strickland*, 466 U.S. at 688).  There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Further, "[a]ppellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments."  *Overstreet v. Warden*, 811 F.3d 1283, 1287 (11th Cir. 2016).  "Under *Strickland*'s second prong, [the petitioner] must show that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Brooks*, 719 F.3d at 1300 (quoting *Strickland*, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  (internal quotation marks omitted).  "'The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'"  *Overstreet*, 811 F.3d at 1287 (quoting *Harrington*

9

*v. Richter*, 562 U.S. 86, 105 (2011)). Under this "double deference," then, "the question becomes whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012) (internal quotation marks omitted).

Applying this double deference required by § 2254 and *Strickland*, we must determine whether the Florida state habeas court acted "contrary to" or unreasonably applied clearly established law when that court rejected Corales-Carranza's argument that his appellate counsel's failure to supplement his direct appeal with an argument based on *Montgomery* amounted to ineffective assistance.

Here, with regard to the deficient performance prong of *Strickland*, a competent attorney reasonably might have concluded that the use of the 2006 manslaughter-by-act jury instruction failed to constitute fundamental error in Corales-Carranza's case. By the time Corales-Carranza brought his appeal, the Florida Supreme Court had made clear that the use of a jury instruction containing an inaccurately defined element constitutes fundamental error only when the inaccurately defined element is disputed. *Reed v. State*, 837 So. 2d 366, 369 (Fla. 2002). Further, at the time of Corales-Carranza's appeal, the Florida Supreme Court had held that "a dispute [as to an element of an offense] does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant." *Battle v. State*, 911 So. 2d 85, 89 (Fla. 2005). Corales-Carranza

10

conceded in his testimony that the victim had been murdered but raised a misidentification defense by claiming that someone else had committed the crime. Appellate counsel reasonably might have concluded that Corales-Carranza thus failed to dispute intent at trial and that the use of the manslaughter-by-act jury instruction, which erroneously stated the requisite intent, constituted no fundamental error. Accordingly, counsel reasonably might have concluded that *Montgomery* would afford Corales-Carranza no relief. We cannot conclude, then, that the state court, in denying Corales-Carranza's ineffective assistance of appellate counsel claim, unreasonably applied *Strickland*.[3] Cf. *Harrington*, 562 U.S. at 105 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.").

We recognize that the Florida Supreme Court clarified in 2015 that "a sole defense of misidentification does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is an unlawful homicide." *Griffin v. State*, 160 So. 3d 63, 67 (Fla. 2015). But as precedent instructs, in assessing whether counsel provided ineffective assistance, this Court "must avoid the 'distorting effects of hindsight' by viewing the

---

[3] We do not discuss the prejudice prong of the *Strickland* analysis because "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

11

performance as it appeared to counsel at the time." *Bolender v. Singletary*, 16 F.3d 1547, 1557 (11th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).  We therefore lack the benefit of *Griffin* in assessing whether the state court unreasonably applied *Strickland*.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Corales-Carranza's habeas petition.

**AFFIRMED.**